IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| RON MERCHANT, by and through ) | | |
| SUE BERRY ) | | |
| ) | | |
| and ) | | |
| ) | | |
| GREG KATZING, ) | | |
| ) | | |
| Class Plaintiffs, ) | | |
| ) | | |
| v. ) | Case No. 06-4079-CV-C-NKL | |
| ) | | |
| JAMES N. HUESER, M.D., et al., ) | | |
| ) | | |
| Defendants. ) | | |

**ORDER**

Pending before the Court is Plaintiffs' Motion to Remand [Doc. # 39]. For the reasons set forth below, the Court grants Plaintiffs' Motion.

**I.  Background**

On March 9, 2006, Sue Berry ("Berry") filed her Petition on behalf of her deceased father, Ron Merchant ("Merchant"). Berry filed her Petition in the Circuit Court of Boone County, Missouri ("the state court"). In her Petition, Berry stated that James Hueser ("Hueser") provided medical care to her from February 1999 through September 2001 and, during that time, Hueser provided chemotherapy drugs that were in fact "misbranded, misidentified, diluted, adulterated or less than full strength." *See* Notice of Removal [Doc. # 1] at Ex. 1 at ¶ 30. Berry also sued Hueser's business

1

partners and she labeled her lawsuit as a class action on behalf of others who had been harmed by Hueser's conduct.

Defendants subsequently filed a Motion to Dismiss in the state court, but none of them filed an Answer to the Petition. On April 12, 2006, Berry filed her Amended Petition, which added Greg Katzing ("Katzing") as a plaintiff. *See* Pl. Ex. [Doc. # 42] at Ex. 1. The Amended Petition alleged five counts against Hueser and his co-defendants: (1) violation of the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 407.020; (2) fraud; (3) breach of contract; (4) unjust enrichment; and (5) civil conspiracy. *Id.* Later the same day on April 12, 2006, Defendants filed their Answer to Berry's original Petition.

Defendants subsequently filed their Notice of Removal [Doc. # 1]. In the Notice, Defendants claimed removal was appropriate because Plaintiffs' original Petition cited to and relied upon the False Claims Act, 31 U.S.C. § 3730, and it used language comparable to that found in the Food, Drug and Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq.* The former references were removed from Plaintiffs' Amended Petition, but Defendants nonetheless argue that the state court cannot adjudicate Plaintiffs' claims without interpreting and applying the FDCA standards for drug handling and, therefore, there is federal question jurisdiction in this case.

**II.    Discussion**

    **A.    The Controlling Pleading**

The parties dispute whether the Petition or the Amended Petition controls the

2

Court's remand analysis. Under the Missouri Rules of Civil Procedure,

> A pleading may be amended once as a matter of course at any time before a responsive pleading is served . . . . Otherwise, the pleading may be amended only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Mo. R. Civ. P. 55.33(a). Defendants had not yet filed an Answer when Berry filed her Amended Petition on April 12, 2006. Instead, Defendants had filed only a motion to dismiss, but under Missouri law motions to dismiss are not considered responsive pleadings under Rule 55.33(a). *See State ex rel. Bugg v. Roper*, 179 S.W.3d 893, 894 (Mo. 2005) (en banc) (motion to dismiss does not constitute a responsive pleading under Rule 55.33(a)). Thus, Berry's Amended Petition was allowed by Rule 55.33(a).

Missouri Rule 52.06 does not preclude Berry's Amended Petition just because the Amended Petition added Katzing as a plaintiff. Rule 52.06 applies to misjoinder and non-joinder of parties and it states:

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately.

Mo. R. Civ. P. 52.06. Rule 52.06 relates to joinder and misjoinder only. Rule 55.33, which is the Rule which specifically addresses amended pleadings, does not require leave of court to add a new party.

The court's opinion in *Rubel v. Pfizer, Inc.*, 276 F. Supp. 2d 904 (N.D. Ill. 2003), does not change this conclusion. In *Rubel*, the court looked at the plaintiff's original petition rather than its amended petition because the plaintiff did not obtain leave of court

before filing the amended petition. The court grounded its decision on Illinois's state rules of procedure and stated, "The rules governing Illinois civil practice do not appear to contemplate an amendment as a matter of course prior to a responsive pleading." *Id.* at 906. Thus, the Illinois rules did not allow an amended pleading without leave of Court.

To the contrary, Missouri Rule 55.33 expressly does allow an amended pleading without leave of Court. *See* Mo. R. Civ. P. 55.33 ("A pleading may be amended once as a matter of course . . . ."). Thus, *Rubel* is distinguishable and inapplicable to the instant case. The Missouri civil rules did not prohibit Berry from filing her Amended Petition nor did they prohibit her from adding Katzing as a party to this case.

Because Berry's Amended Petition was properly filed, it will control the Court's analysis of the remand issue. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) (propriety of removal is governed by plaintiff's pleading as it existed at the time of removal).

### B. The Propriety of Remand

The party seeking removal and opposing remand bears the burden of establishing federal subject matter jurisdiction. *State of Missouri ex rel. Pemiscot County, Missouri v. Western Sur. Co.*, 51 F.3d 170, 173 (8th Cir. 1995). Furthermore, in reviewing a motion to remand, a district court is required to resolve all doubts about federal jurisdiction in favor of remand. *In re Business Men's Assurance Co. of Am.*, 992 F.2d 181, 183 (8th Cir. 1993).

Federal question jurisdiction exists "if the 'well-pleaded complaint establishes

4

either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998) (citing *Frachise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). Regarding the "well-pleaded complaint rule," the Supreme Court has held that the rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392-93 (1987) (citations omitted).

Berry's Amended Petition does not on its face raise an issue of federal question jurisdiction. Berry does not invoke any federal statute or the United States Constitution in support of her claim against Defendants and instead pursues her claims under the MMPA and Missouri common law.

Nonetheless, Defendants assert that there is federal question jurisdiction because Berry's Amended Petition claims that the chemotherapy drugs administered to Merchant were "adulterated, misbranded, and mislabeled." *See* Amended Petition at ¶ 59. Defendants argue that this language is similar to the language used by Congress in the FDCA and, therefore, federal law must control the resolution of Berry's claim. Defendants also argue that Berry's state claims are preempted by the FDCA and, therefore, only a federal claim has been properly stated by Berry.

### 1. *Preemption*

5

Because the FDCA explicitly does not provide a private cause of action, Defendants argue that Berry's Amended Petition is preempted because it uses language from the FDCA. *See* 21 U.S.C. § 337 ("[A]ll . . . proceedings for the enforcement, or to restrain violations, of this Chapter shall be by and in the name of the United States."). Defendants misconstrue Berry's Amended Petition.

If Berry's Amended Petition was premised upon a violation of the FDCA or its attendant regulations, then her claims would be preempted. *See Anthony v. Country Life Manufacturing, L.L.C.*, No. 02-1601, 2002 WL 31269621 (N.D. Ill. 2002) (finding preemption where state law claim was based on violation of FDCA ingredient regulations); *Braintree Laboratories, Inc. v. Nephro-Tech, Inc.*, No. 96-2459, 1997 WL 94237 (D. Kan. 1997) (finding preemption for Lanham Act claim based on violation of FDCA regulations).

However, Berry's claim under the MMPA does not rely on the FDCA or its regulations. A Missouri court could find that Defendants violated the MMPA without any reference to the FDCA or its standards for administering prescription drugs, and Berry has stated she is pursuing her claim under state law and not under the FDCA.

The elements of a claim under the MMPA are: (1) the purchase of goods or services; (2) primarily for personal or family purposes; (3) an ascertainable loss of money or property; (4) as a result of (or caused by); (5) the use of employment by another person of a method, act or practice declared unlawful under Mo. Rev. Stat. § 407.020. *See Freeman Health System v. Wass*, 124 S.W.3d 504 (Mo. Ct. App. 2004). Section 407.020

6

makes unlawful the act, use, or employment of:

> deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce.

Mo. Rev. Stat. § 407.020. Plaintiffs can satisfy the elements of their MMPA claim without any reference to FDCA or its regulations. A jury may find that Defendants engaged in unlawful practices even though they fully complied with the FDCA, and in this way Plaintiffs' claims are not dependent upon a construction of the FDCA nor are they "premised solely upon a violation of the FDCA." *Anthony*, 2002 WL 31269621 at *3. Because Defendant is not seeking relief based on a violation of the FDCA, and the MMPA can be violated independently of the FDCA, there is no basis for finding that Plaintiffs' state claims are preempted by the federal statute.

### 2. Federal Question

Defendants also argue that Plaintiffs' Amended Petition raises a substantial federal question that warrants removal because it uses the terms "adulterated, misbranded" and "mislabeled" to describe the prescription drugs issued by Defendants. Although the FDCA defines these terms, there is no indication that Plaintiffs' use of the terms was intended to bring this case within the purview of a federal court nor is there any indication that Plaintiffs intend to rely on the FDCA definitions in their case.

Nonetheless, even assuming Plaintiffs had cited to the FDCA's definition of those terms, that alone would not create federal question jurisdiction. In *Merrell Dow*

*Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986), the plaintiffs filed a state court claim alleging that a drug's side effects caused deformities within their children. In their state petition, the plaintiffs alleged that the defendant's "misbranding" of the drug in violation of the FDCA created a rebuttable presumption of negligence. *Id.* at 804. The district court allowed removal and the Sixth Circuit reversed stating:

> Federal question jurisdiction would, thus, exist only if plaintiffs' right to relief *depended necessarily* on a substantial question of federal law. Plaintiffs' causes of action referred to FDCA merely as one available criterion for determining whether [the defendant] was negligent. Because the jury could find negligence on the part of [the defendant] without finding a violation of the FDCA, then plaintiffs' causes of action did not depend necessarily upon a question of federal law. Consequently, the causes of action did not arise under federal law and, therefore, were improperly removed to federal court.

*Id.* at 807.

The Supreme Court affirmed the Sixth Circuit's holding. The Court succinctly held, "We conclude that a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States." *Id.* at 817 (citing 28 U.S.C. § 1331). The Court held that jurisdiction was not proper in the district court and ordered the case to be remanded to state court.

In *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005), the Supreme Court reached a different result, but it did not materially alter the rationale in *Merrell Dow*. Noting that *Merrell Dow* adopted a case-

8

by-case approach to determining remand, the court found that remand was not appropriate in *Darue* because the outcome of the plaintiff's quiet title claim turned solely on the application and interpretation of a federal notice statute. Because the federal issue in *Darue* was determinative of the outcome--rather than an ancillary issue as it was in *Merrell Dow*--the Court held that exercising federal jurisdiction was appropriate.

Other courts have considered a similar question to the one presented and found that a state court claim premised in part on the FDCA did not justify removal to the district court. *See Rubel*, 276 F. Supp. 2d at 907-08 (holding that state claim for "off-label" use of drugs in violation of the FDCA did not give rise to a federal question); *Williams v. Purdue Pharma Co.*, No. 02-0556, 2003 WL 24259557 (D.D.C. 2003) (holding that state claim for knowingly false statements about a drug regulated under the FDCA did not give rise to a federal question).

These cases illustrate that, unless the FDCA component of the case is determinative of the outcome, then mere reference to the FDCA and its regulations as an element of the state claim does not provide a basis for federal question jurisdiction. In the instant case, Plaintiffs do not even mention the FDCA and, at most, the FDCA regulations would be used as evidence that Defendants did not follow the appropriate protocols in administering drugs to Plaintiffs. Such a consideration is not determinative to the outcome of Plaintiffs' MMPA and other state law claims and they do not present a federal question for this Court to adjudicate.

Accordingly, the Court will grant Plaintiffs' pending Motion to Remand. There

are several Motions to Dismiss filed in this case. *See* Docs. ## 6, 17, 29, 31, 33, and 35. Because the Court is remanding this case to the Boone County Circuit Court for further proceedings, it will deny as moot these pending Motions to Dismiss.

**III.    Conclusion**

Accordingly, it is hereby

(1) ORDERED that Plaintiffs' Motion to Remand [Doc. # 39] is GRANTED. This case is remanded to the Circuit Court of Boone County, Missouri, for further proceedings.

(2) ORDERED that the pending Motions to Dismiss [Docs. ## 6, 17, 29, 31, 33, and 35] are DENIED as moot.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

DATE: August 4, 2006
Jefferson City, Missouri

11